

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-24-00378-CV

Karen **GAFFORD**,
Appellant

v.

Elizabeth **BLISS-GAFFORD**,
Appellee

From the 285th Judicial District Court, Bexar County, Texas
Trial Court No. 2023-CI-12948
Honorable Angelica Jimenez, Judge Presiding

PER CURIAM

Sitting:      Beth Watkins, Justice
               Liza A. Rodriguez, Justice
               Lori I. Valenzuela, Justice

Delivered and Filed: August 28, 2024

DISMISSED FOR WANT OF JURISDICTION

This is an appeal arising out of a pending divorce proceeding. The clerk's record, which was filed on July 17, 2024, does not contain a final decree of divorce. Appellant's notice of appeal indicates she wishes to challenge the trial court's May 21, 2024 order denying her motion for sanctions.

Generally, a direct appeal may challenge only final judgments and interlocutory orders made appealable by statute. *See CMH Homes v. Perez*, 340 S.W.3d 444, 447 (Tex. 2011); *see also Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001). The order identified in appellant's

notice of appeal is not a final judgment because it does not dispose of all claims in dispute between the parties. *See Lehmann*, 39 S.W.3d at 192–93. Additionally, we are not aware of any statutory authority that permits an interlocutory appeal from an order denying a motion for sanctions. *See In re I.G.R.*, No. 04-14-00262-CV, 2014 WL 3930199, at *2 (Tex. App.—San Antonio Aug. 13, 2014, no pet.) (per curiam) (mem. op.). Accordingly, on July 22, 2024, we ordered appellant to show cause why this appeal should not be dismissed for want of jurisdiction.

On August 6, 2024, appellant filed the response required by our order. In her response, appellant cites federal authority regarding interlocutory appeals under the collateral order doctrine. She also argues that she sought sanctions for alleged discovery abuse and that the trial court's denial of her motion would render those issues "effectively unappealable" after a final judgment. However, she does not cite any authority that permits a Texas state appellate court to review an interlocutory order denying sanctions on direct appeal, and we have found none. *See id.*; *see also Wade v. Bacon Corp.*, No. 01-18-00654-CV, 2018 WL 5259809, at *1 (Tex. App.—Houston [1st Dist.] Oct. 23, 2018, no pet.) (per curiam) (mem. op.). We therefore dismiss this appeal for want of jurisdiction.

PER CURIAM